UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITY OF ROMULUS, a Michigan Municipal
Corporation,

                Plaintiff,                Case No. 2:10-cv-10898

v.                                            Hon. George Caram Steeh

CHARTER COUNTY OF WAYNE, a
Michigan Municipal Corporation, and
THE WAYNE COUNTY AIRPORT
AUTHORITY, a Michigan Public Airport
Authority,

                Defendants.

_____/

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (#3)
AND DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT (#4)

This matter is before the court on plaintiff City of Romulus' ("Romulus") motion to remand and defendants', Charter County of Wayne ("Wayne County") and The Wayne County Airport Authority ("Airport Authority"), motion to dismiss. The court heard oral argument on the motions on May 25, 2010. Central to this dispute is the means by which the Airport Authority disposes of wastewater contaminated with glycol, a chemical used in de-icing solutions. Several existing contracts between the parties allow for disposal through the Downriver Wastewater Treatment System. Defendants, however, are alleged to have a new agreement to dispose of this sewage through the Detroit Water and Sewerage Department. Romulus filed a complaint alleging breach of contract claims and violation of MCL § 123.739. On March 5, 2010, defendants removed this matter to federal court on the premise that Romulus' contractual claims

and its allegation that a Michigan statute was violated turn on the interpretation of a federal plea agreement entered in Case Number 06-20300 which was before this court.

Because plaintiff's complaint fails to raise any substantial issues of federal law, the court finds it does not have federal question jurisdiction and GRANTS the motion to remand. Lacking jurisdiction over this matter, the court DENIES defendants' motion to dismiss as moot.

## FACTUAL BACKGROUND

Romulus filed its complaint in Wayne County Circuit Court against Wayne County and the Airport Authority, alleging breach of contract and a violation of a state statute. Romulus asserts that Wayne County and the Airport Authority have violated contracts with Romulus by entering into an agreement to direct wastewater containing glycol, a deicing agent, through a newly constructed pipeline (the "Force Main" project) for treatment at the wastewater plant operated by the City of Detroit's Water and Sewage Department ("DWSD"). Currently, the Airport Authority's glycol-laden water is held in large containment ponds, discharged into the City of Romulus municipal system, and then transmitted for treatment to the Wyandotte Wastewater Treatment Plant, which is part of the Downriver Wastewater Treatment System (the "Downriver System"). Romulus' breach of contract claim alleges that the Airport Authority is outside the service area for the DWSD system and must use the Downriver System, and that Romulus has the sole authority for collecting the Airport Authority's sewage and delivering it to the Downriver System. Romulus' statutory claim alleges a violation of M.C.L. §123.739, which restricts the ability of a County to supply an individual user with wastewater service, unless the County determines its actions are needed to protect

2

public health.

The Force Main project is mandated by the terms of a federal Plea Agreement entered by the Airport Authority, resolving a criminal charge of failing to report a turbid discharge of wastewater in violation of the Clean Water Act. The Force Main project, a special condition of the Airport Authority's probation, will direct wastewater containing deicing chemicals to the DWSD plant for treatment when completed. In order to complete this term of its probation, the Airport Authority needed to acquire capacity in a sewage disposal system that connects to the DWSD - in this case, the North Huron Valley/Rouge Valley Sewage Disposal System ("NHV/RV System"). Many municipalities own reserve capacity in that system, including Romulus and Wayne County.

The Airport Authority first attempted to purchase capacity in the NHV/RV System from Romulus. After lengthy negotiations, which resulted in a tentative agreement, Romulus ultimately refused to approve the deal based on unrelated objections Romulus had with the Airport Authority's expansion plans. The Airport Authority was under time pressure to comply with the Plea Agreement, so it approached Wayne County, and an agreement was reached under which the Airport Authority purchased some of Wayne County's capacity in the NHV/RV System. Romulus then filed this lawsuit.

Romulus and Wayne County are parties to an agreement for disposal of sewage, known as the Rouge Valley Sewage Disposal System Contract ("Rouge Valley Contract"). This contract provides for the establishment of a sewage disposal system in a portion of Wayne County. The system is referred to as the North Huron Valley/Rouge Valley Sewage Disposal System ("NHV/RV System"), and covers a portion of Wayne

3

County, but does not include most of the property occupied by the Airport Authority.

The Rouge Valley Contract is intended to service the municipalities and not individual property owners or users, unless there is a special agreement between the County Commission and the municipality in which the property is located to provide service to an individual property owner. The Airport Authority is not a municipality under the Rouge Valley Contract, and there is no special agreement between Romulus and Wayne County which permits the County to provide sewage services to the Airport Authority.

Wayne County and Romulus are also parties to an agreement for disposal of sewage known as the Downriver Sewage Disposal System Contract ("Downriver Contract"). The Downriver Contract currently services the Airport Authority and allows for the discharge of sewage containing glycol into its system. There is a long-standing contract between Romulus and the Airport Authority that allows the Airport Authority to use Romulus' capacity in the Downriver System. ("Romulus-Authority Contract").

On November 19, 2009, Wayne County entered an agreement with the Airport Authority to transfer sewage capacity in the NHV/RV System to the Airport Authority for the discharge of glycol containing water in exchange for payment of $1,125,000.00. This agreement is not yet finalized. Romulus alleges that Wayne County's proposed sale of capacity to the Airport Authority is in violation of the Rouge Valley Contract, the Downriver Contract, and the Romulus-Authority Contract.

Romulus complains that the Airport Authority is not permitted under the terms of the NHV/RV System to purchase Wayne County's capacity in the System. Further, the agreement to purchase capacity in the NHV/RV System allegedly violates the Airport

Authority's longstanding obligations under the Downriver Contract and the agreement between Romulus and the Airport Authority to discharge glycol into the Downriver System. Romulus also alleges a violation of MCL § 123.739, arguing that Wayne County is prohibited from furnishing sewage disposal services to individual users in a municipality if the county does not have that municipality's consent.

Defendants removed the case to federal court, citing the dispositive nature of federal law questions.

## STANDARD OF REVIEW

Federal courts have jurisdiction to hear cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Defendants may remove a case if the matter is removable on the face of the complaint. See 28 U.S.C. § 1446(b). For a suit to arise under federal law, one of three preconditions must be met: (1) federal law creates the plaintiff's cause of action; (2) plaintiff's right to relief under state law requires resolution of a substantial federal law question actually in dispute; or (3) the claim is in substance one of federal law. City of Warren v. City of Detroit, 495 F.3d 282, 286 (6th Cir. 2007). Any ambiguity concerning the scope of removal is resolved in favor of remand to state courts. Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 534 (6th Cir. 1999). Removing defendants bear the burden of establishing federal subject matter jurisdiction. Ahearn v. Charter Township, 100 F.3d 451, 453 (6th Cir. 1996). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## ANALYSIS

In order to state a claim for breach of contract, a plaintiff must allege "(1) parties

5

competent to contact, (2) a proper subject matter, (3) a legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation." Hess v. Cannon Twp., 265 Mich. App. 582, 592, 696 N.W.2d 742 (2005). Defendants argue that it is the second element, the requirement of a proper subject matter, that provides the basis of removal in this case. "A proposed contract is concerned with a proper subject matter only if the contract performance requirements are not *contrary to public policy*. Morris & Doherty, P.C. v. Lockwood, 259 Mich. App. 38, 54, 672 N.W.2d 884 (2003) (citation omitted). Defendants contend that whether a contract is contrary to public policy is a question that goes to the *prima facie* case for a breach of contract, and is not a defense.

Plaintiff's breach of contract claim alleges, in part, that the Airport Authority is outside the Rouge Valley Contract service area for the DWSD System, so the Authority must utilize the Downriver System. Defendants' argument is that if the contract requirement of sending the wastewater to a facility other than DWSD is contrary to public policy, then plaintiff has failed to state a claim for breach of contract because plaintiff cannot show that the purpose of the contact is proper. Defendants argue that whether such contract requirement is contrary to public policy turns on the interpretation of the federal Plea Agreement and the requirements of the Clean Water Act and federally issued wastewater permits. Defendants also contend that plaintiff's state statutory claim turns on a question of federal law because it contains an exception related to actions taken "to protect health." The court will be required to decide whether the Plea Agreement had determined that the Force Main project was necessary to protect public health.

Plaintiff relies on City of Warren v. City of Detroit, 495 F.3d 282 (6th Cir. 2007) for the proposition that a breach of contract claim cannot be removed based on the fact that

the relief sought would be inconsistent with a federal consent decree. In that case, Warren filed a complaint in state court challenging the rates charged by Detroit for providing water. Warren alleged that the water purchase contract between Warren and Detroit required a reasonable water rate and that state statute required Detroit to establish water rates based on the actual cost of service. Detroit removed the case to federal court on the grounds that Warren's action arose under orders entered pursuant to the federal Clean Water Act and the federal Clean Air Act. The Sixth Circuit held that Warren's complaint did not assert a claim created by federal law. The court pointed out that Warren was not a party to the consent judgments, so its contractual rights remained intact. "Because a consent judgment's force comes from agreement rather than positive law, the judgment depends on the parties' authority to give assent." Id. at 287. The court held that the district court should have remanded the case:

> . . . Detroit argues that Warren's claim "'arises under' federal law because it seeks a remedy that is inconsistent with a federal consent decree" because the allocation of costs between water and sewage impacts the ability of DWSD to comply with the consent judgments. This argument represents the expansive application of the artful-pleading rule warned of in *Her Majesty the Queen*, 874 F.2d at 340.

Id. at 288.

The court finds City of Warren to be persuasive. While a Plea Agreement and Probation Order must be approved by the court, so must a consent decree, such as at issue in City of Warren. Similarly, in this case, Romulus was not a party to the Plea Agreement. More importantly, the Probation Order did not require a change of providers of capacity, only a change of route. The Probation Order provides that the Airport Authority must build a Force Main to the DWSD sewage treatment plant. However, this is not the

crux of plaintiff's claimed breach.  The alleged breach hinges on the fact that the Airport Authority entered a contract to buy capacity from Wayne County, instead of from Romulus, and did not appropriately secure modification of the affected contracts to properly obtain the additional capacity it needs.  Notably, Romulus does not complain about the building of the Force Main or the change of route to DWSD, items which are the subject of the terms of Probation.  Romulus is only complaining about who is providing the capacity.

Returning to the elements of a breach of contract action, the court cannot say in this case that the determination of whether the subject matter is proper, and not contrary to public policy, requires the resolution of a substantial, disputed question of federal law.  The subject matter of the alleged breach deals with who provides capacity in the DWSD facility.  Consideration of this issue does not require the court to resolve issues of federal law.

Defendants also base their removal petition on plaintiff's statutory claim, arguing that interpretation of the Plea Agreement and Clean Water Act is essential to determine the public health exception contained in the statute.  Defendants argue the goals of the Clean Water Act establish national policy for public health.  Permitting removal on such an expansive application of the artful pleading doctrine would "effectively abrogate the well-pleaded complaint rule."  Id. at 287 (citation omitted).

It should further be noted that removal is allowed only when federal law completely preempts a plaintiff's state law claim.  See Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998).  There is nothing in the plea agreement that suggests it intended to preclude or preempt existing contracts or allow future contracts that are contrary to state law or public policy.  Thus, this court cannot justify asserting its jurisdiction over an area of law that is traditionally reserved to state courts.  See Eastman v. Marine Mechanical Corp., 438 F.3d

544, 549-554 (6th Cir. 2006) (holding that the balance between state and federal causes of action "would be upset drastically if state public policy claims could be converted into federal actions by the simple expedient of referencing federal law as the source of that public policy.")

## CONCLUSION

For the reasons stated above, the court finds that plaintiff's case was not removable pursuant to 28 U.S.C. § 1446(b). Therefore, plaintiff's motion to remand is GRANTED and the defendants' pending motion to dismiss is DENIED as moot.

Dated: May 27, 2010

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 27, 2010, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---